(102 So. 446)

## DANSBY v. MIDDLEBROOKS. (4 Div. 75.)

(Supreme Court of Alabama.   Dec. 18, 1924.)

**Adverse possession ⬅➔27—Evidence in action against husband and wife held to support finding wife in possession of strip of land in controversy.**

Evidence in suit in ejectment against husband and wife, involving strip of land along boundary, *held* to support finding that wife was

in possession at time suit was brought, and that husband's possession was wife's possession.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action in ejectment by Z. E. Middlebrooks against Ida Dansby and Isham Dansby. From a judgment for plaintiff, defendant Ida Dansby appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

Counsel argue for error in the refusal of the court to set aside the verdict, but without citing authorities.

Peach & Norton, of Clayton, and Sollie & Sollie, of Ozark, for appellee.

There was no error in overruling the motion to set aside the verdict and grant a new trial. Terst v. O'Neal, 108 Ala. 250, 19 So. 307; Morris v. West, 101 Ala. 534, 14 So. 364; Cobb v. Malone, 92 Ala. 630, 9 So. 738; Nooe's Ex'rs v. Garner's Adm'r, 70 Ala. 443; Holland v. Howard, 105 Ala. 538, 17 So. 35; Davis v. Miller, 109 Ala. 589, 19 So. 699; Anderson v. English, 121 Ala. 272, 25 So. 748; Ala. Ry. Co. v. Brown, 129 Ala. 282, 29 So. 548.

BOULDIN, J.  The suit is in statutory ejectment. The real controversy involves a narrow strip of lands, some 16 yards wide at one end and 32 yards at the other, along the boundary between adjoining forties, described by government numbers. The defendants sued are husband and wife.

The husband pleaded not guilty as to this strip, and on the trial claimed title by adverse possession. The wife filed her plea of disclaimer. On these issues there was verdict for plaintiff against both defendants. The wife made a motion for a new trial upon the ground that the verdict was contrary to the evidence. The motion was overruled. The appeal is from that ruling. The sole question here presented is whether the evidence supports the finding of the jury that the wife was in possession of this strip of land at the time suit was brought. While the testimony is in conflict, there is evidence tending to show the following:

The husband acquired one 40 of the land from his father. The father pointed out the supposed location of the line between that and the 40 now owned by plaintiff. The son erected a fence on this tentative line, inclosing as a part of the 40 acquired from his father the strip now in controversy. After the marriage of the son, about 1888, he deeded the 40 to his wife; thereafter clearings were extended into this strip and cultivated by the husband and family in common with the other lands.

Shortly before the suit was brought plaintiff caused the boundary line between the 40's to be surveyed, which located this strip on plaintiff's side of the line. For the purposes of this appeal it is admittedly his land. The theory of the wife is that she never claimed any land at any time, nor entered into possession of any land except the 40 acres covered by her deed. In support of this view the husband sets up claim to this strip in his own right, and alleges his possession was in his own right and not in the right of his wife.

The husband sets up no muniment of title, nor color of title, to this strip as a separate parcel from his wife's 40; has never paid any taxes thereon; no line between it and the wife's 40 was maintained; and, in fact, the husband's testimony, taken as a whole, gives support to the view that the location of no such line was known until the survey. The evidence fully supports the view that the possession originated in an uncertain or disputed boundary line, and has so continued; that the husband and wife considered it a part of the 40 covered by her deed; that his possession has been her possession. Passing by as unimportant the evidence that the wife was seen at one time working in the crop on this strip, still the evidence that she personally claimed the land after the survey and served a notice on plaintiff not to trespass thereon, while controverted, when taken with the evidence as a whole, makes the issue as to her possession at the time suit brought purely a question for the jury. Under the well-known rule of review in such cases, we cannot disturb the verdict as contrary to the evidence.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.